UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DALE ALFONZE JOHNSON,

          Petitioner,

      v.                              Case No. 18-CV-1026

RONALD MALONE,

          Respondent.

## ORDER AND RECOMMENDATION ON THE PETITION FOR A WRIT OF HABEAS CORPUS

Dale Alfonze Johnson, who is incarcerated pursuant to the judgment of a Wisconsin Circuit Court, filed a petition for a writ of habeas corpus. He has requested to proceed without prepaying the $5.00 filing fee. (ECF No. 2.) The court has reviewed his institutional trust account statement (ECF No. 3) and concludes that Johnson lacks the resources to pay the filing fee. Therefore, Johnson's motion will be granted.

The court must now screen the petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases, which states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an

answer, motion, or other response within a fixed time, or to take other action the judge may order.

Johnson was sentenced to 18 months initial confinement to be followed by 18 months extended supervision. (ECF No. 1-2 at 1.) That sentence was stayed, and he was placed on probation for two years. (ECF No. 1-2 at 1.) As a condition of his probation he was sentenced to six months in jail, and this condition time was also stayed. (ECF No. 1-2 at 1.)

Johnson never signed his conditions of probation. (ECF No. 1-2 at 11.) He contacted the Department of Corrections and was told he was not in its system as being on probation. (ECF No. 1 at 2.) Hearing nothing further, he moved to Iowa, which was a violation of the standard conditions of probation. He was arrested, extradited, and his probation was revoked. (ECF No. 1-2 at 5.) He administratively appealed the revocation of his probation and was unsuccessful. (ECF No. 1-2 at 8-9.) He then filed the present petition for a writ of habeas corpus.

A person in custody pursuant to a state court judgment may pursue federal habeas corpus relief only after he has exhausted his remedies in state court. 28 U.S.C. § 2254(b)(1)(A). "A petitioner has exhausted his state court remedies where he has 'no further available means for pursuing a review of one's conviction in state court.'" *Sanders v. Paquin*, No. 09-cv-472-bbc, 2009 U.S. Dist. LEXIS 69068, at *9 (W.D. Wis. Aug. 7, 2009) (quoting *Wallace v. Duckworth*, 778 F.2d 1215, 1219 (7th Cir. 1985)).

In Wisconsin, the administrative appeals process is only the first step in challenging the revocation of probation. "It is a long-standing rule in Wisconsin that a state inmate has 45 days within which to challenge an administrative decision to revoke his probation or parole by filing a petition for a writ of certiorari in the court of conviction." *Sanders v. Paquin*, No. 09-cv-472-bbc, 2009 U.S. Dist. LEXIS 69068, at *11 (W.D. Wis. Aug. 7, 2009) (citing Wis. Stat. §§ 301.048(3)(d) and 893.735; *Bartus v. Wisconsin Department of Health and Social Services*, 176 Wis. 2d 1063, 1079, 501 N.W.2d 419, 427 (1993); *State ex rel. Johnson v. Cady*, 50 Wis. 2d 540, 550, 185 N.W.2d 306, 311 (1971); *State ex rel. Reddin v. Galster*, 215 Wis. 2d 179, 183, 572 N.W.2d 505, 507 (Ct. App. 1997)).

Thus, "[i]n order to satisfy the exhaustion requirement, a Wisconsin prisoner seeking to challenge an administrative decision revoking his probation or parole must first present his claims to the state courts by means of a petition for a writ of certiorari." *Kalk v. Smith*, No. 06-C-0458, 2007 U.S. Dist. LEXIS 4534, at *2 (E.D. Wis. Jan. 22, 2007). If unsuccessful with a petition for a writ of certiorari filed in the circuit court for the county in which he was convicted, he must then appeal the circuit court's decision to the court of appeals and, if unsuccessful there, must seek review by the Wisconsin Supreme Court. *Griffin v. Hafemann*, No. 15-C-140, 2015 U.S. Dist. LEXIS 15872, at *2-3 (E.D. Wis. Feb. 9, 2015); *Walker v. Gehring*, No. 14-C-645, 2014 U.S. Dist. LEXIS 152227, at *2 (E.D. Wis. Oct. 28, 2014). Only then, if all these steps prove unsuccessful, may a

Wisconsin prisoner turn to federal court with a petition for a writ of habeas corpus regarding the revocation of his probation. *See Morris v. Hompe*, No. 08-cv-100-bbc, 2008 U.S. Dist. LEXIS 27769, at *2 (W.D. Wis. Apr. 2, 2008); *Torstenson v. Wis. Dep't of Corr.*, No. 06-C-0720-C, 2007 U.S. Dist. LEXIS 1498, at *5 (W.D. Wis. Jan. 3, 2007).

There is no indication that Johnson has pursued a certiorari petition, much less exhausted his appeals regarding it. Therefore, the court will recommend that Johnson's petition be dismissed for failure to exhaust his state court remedies. Because it is possible Johnson may yet be able to pursue certiorari petition, the court will recommend that the petition be dismissed without prejudice. *See Kalk v. Smith*, No. 06-C-0458, 2007 U.S. Dist. LEXIS 4534, at *3 (E.D. Wis. Jan. 22, 2007). Finally, the court will recommend that a certificate of appealability be denied.

**IT IS THEREFORE ORDERED** that Johnson's motion to proceed without prepayment of the filing fee (ECF No. 2) is **granted**.

**IT IS RECOMMENDED** that Johnson's petition for a writ of habeas corpus be **dismissed without prejudice**.

**IT IS FURTHER RECOMMENDED** that a certificate of appealability be **denied**.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2) whereby written objections to any recommendation herein or part thereof may be filed within fourteen days of service of this recommendation. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing

procedures. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 9th day of July, 2018.

*[Signature: William E. Duffin]*
WILLIAM E. DUFFIN
U.S. Magistrate Judge